## Bialek v. March (No. 2)

*Blasband & Mogul*, for plaintiffs.

*C. Russell Corson*, for defendants.

FORREST, P. J., February 18, 1963.—Plaintiff, in this action in assumpsit to enforce a promissory note, has moved for judgment on the pleadings. The question before us is whether plaintiff filed the motion within such time as not to delay the trial as required by Pa. R.C.P. 1034(a). This action was instituted on May 6, 1960. Defendants filed an answer and counterclaim on June 3, 1960. Plaintiffs replied in due course. After petition and leave to amend the complaint, plaintiffs filed an amended complaint on January 6, 1961. Defendants on March 16, 1961, answered the amended complaint and renewed their counterclaim. On June 7, 1961, plaintiffs replied to the counterclaim. Thereafter plaintiffs attempted to obtain certain pretrial discovery to which defendants objected by moving for a protective order. The court resolved the matter by allowing the discovery by written interrogatories and not by oral examination.

On November 10, 1961, plaintiffs filed a praecipe to place the case on the trial list. Depositions were com-

pleted and the stenographic notes were transcribed in June, 1962. The case was listed on the November, 1962, civil trial list. The court granted a continuance and the case was placed on the January, 1963, civil trial list. On December 28, 1962, plaintiffs filed this motion for judgment on the pleadings. The motion was duly listed on the argument list for February 4, 1963, which, in the absence of a special order of the court, was the earliest possible date under our local practice. Defendants have preliminarily objected to the motion. They contend that the delay in bringing this action to trial and conclusion has been detrimental to their business and credit rating.

Pennsylvania Rule of Civil Procedure 1034(a) provides that: "(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Plaintiffs' motion for judgment was not filed in time to avoid a delay of the trial. "A motion for judgment on the pleadings is too late if delayed until just before the trial, when it would not be possible to have the motion argued without postponement of the trial": Goodrich-Amram, §1034(a)-3. For that reason the motion should be refused: Anderson, Pa. Civil Practice, Vol. 2A, p. 426, §1034.9.

The court is "reluctant to hold that a motion for judgment on the pleadings is made too late under Rule 1034": Anderson, op. cit., p. 427. However, when a party is so dilatory in raising questions of law arising out of the pleadings, as to delay the trial by filing a motion for judgment on the pleadings, he accepts the onus of going to trial and making an appropriate motion at that time.

And now, February 18, 1963, the preliminary objection to plaintiffs' motion for judgment on the pleadings is sustained; plaintiffs' motion for such judgment is refused.